### SAUCIER *v.* STATE.[*]

(Division A. Nov. 29, 1926.)

[110 So. 436. No. 25953.]

CRIMINAL LAW. *Failure of evidence to disclose that offense was committed in district where case originated held fatal to trial court's jurisdiction.*

Failure of evidence to disclose that offense was committed in district of magistrate in whose court case originated *held* fatal to trial court's jurisdiction.

---

[*]Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 530, n. 61.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

L. N. Saucier was convicted of an offense, and he appeals. Reversed and remanded.

*Draughn & Waller,* for appellant.

This case was first tried in the justice court of Beat 3, Forrest county, and from that justice court it was appealed to the circuit court of said county, and in the trial of said cause the state failed to introduce any testimony to show or to prove jurisdiction.

We submit that this court will reverse this cause for lack of testimony on the question of jurisdiction.

This court has repeatedly held that venue is a jurisdictional question and may be raised for the first time in the supreme court. See *Monroe* v. *State,* 103 Miss. 759, 60 So. 773; *Ellzey* v. *State,* 110 Miss. 502, 70 So. 579; *Kyle* v. *Calhoun City,* 123 Miss. 542, 86 So. 340; *Norwood* v. *State,* 129 Miss. 813, 93 So. 354; *Pickle* v. *State,* 102 So. 4; *O'Neil* v. *State,* 140 Miss. 182, 105 So. 496; *Webb* v. *State,* 108 So. 442.

We submit, therefore, the cause for the consideration of the court.

SMITH, C. J., delivered the opinion of the court.

The failure of the evidence to disclose that the offense for which the appellant was tried was committed in the district of the magistrate in whose court the case originated is fatal, as the attorney-general admits, to the jurisdiction of the court below.

*Reversed and remanded.*